UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DASHAWN MAURICE PETERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DESTINY ALANA DEXTER, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 2:25-cv-432-PPS-AZ |

### ORDER

Plaintiff DaShawn Maurice Peterson filed this pro se civil action against multiple Defendants relating to alleged defamation per se, intentional infliction of emotional distress and related claims stemming from cyber harassment. *See* DE 1. On October 28, 2025, the Court granted Plaintiff leave to proceed in forma pauperis and directed the Clerk of Court to request waivers of service from the identifiable Defendants. DE 6. While service or a valid waiver of service has not yet occurred, Plaintiff also previously filed three motions alongside her complaint. Those are Plaintiff's Motion for Permission to File Electronically [DE 3], Plaintiff's Motion for Expedited Discovery and Request for Delay in Notification [DE 4], and Plaintiff's Motion for Leave to Proceed with a Pseudonymous Defendant or for Early Discovery [DE 5].

While each of these motions seeks different relief, they share one thing in common: all three of them are unsigned by Plaintiff. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper

1

must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). And Northern District of Indiana Local Rule 5-4(b) further requires that "[p]apers delivered to the clerk for filing" in hard copy, such as Plaintiff's motions, "must … include the filer's original signature…"). N.D. Ind. L.R. 5-4(b). While the Court understands and appreciates that Plaintiff is not a professionally trained lawyer—and so she is likely not familiar with these procedures—all litigants, whether they are represented by counsel or representing themselves pro se, must follow the Federal Rules of Civil Procedure and local rules of the court in which they have filed their lawsuit. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.") (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)); *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) ("Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants."). Thus, the Court will strike Plaintiff's three motions as improperly filed.

Furthermore, concerning Plaintiff's request for access to file documents electronically, the Northern District of Indiana's CM/ECF Civil and Criminal User Manual states that "[w]hile all parties, including those proceeding pro se, may register to receive 'read only' PACER accounts, only registered attorneys, as officers of the court, are permitted to file electronically at this time." Northern District of Indiana's CM/ECF Civil and Criminal User Manual at 1 (available at

https://www.innd.uscourts.gov/sites/innd/files/ATTY%20USER%20MANUAL%205-29-20.pdf). While some federal courts allow pro se litigants to electronically file documents, the United States District Court for the Northern District of Indiana is not one of them. Plaintiff will need to continue to comply with Local Rule 5-4(b) relating to "Manual Filings," including that she personally sign anything she files with the Court. For reference, the Northern District of Indiana Local Rules are available at: www.innd.uscourts.gov/sites/innd/files/CurrentLocalRules.pdf.

Accordingly, Plaintiff's Motion for Permission to File Electronically [DE 3], Plaintiff's Motion for Expedited Discovery and Request for Delay in Notification [DE 4], and Plaintiff's Motion for Leave to Proceed with a Pseudonymous Defendant or for Early Discovery [DE 5] are **STRICKEN** because they are unsigned and thus do not comply with Fed. R. Civ. P. 11(a) and N.D. Ind. L.R. 5-4(b). Plaintiff may refile these or any other motions with an original signature in accordance with Rule 11, but as discussed above, Plaintiff will not be allowed to use the Court's electronic filing system and must file her papers in person at the Clerk's Office or by mail.

So ORDERED this 20th day of November 2025.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Plaintiff DaShawn Maurice Peterson (U.S. Mail)